MARJORIE AMELIA NEW v. ARTHUR FREDERICK NEW.[1]

June 12, 1925.

No. 24,709.

**Modification of decree for alimony denied.**

Under the facts stated in the opinion, the court properly denied defendant's motion for a modification of a portion of a decree of divorce which required him to make weekly payments of alimony to his former wife.

1. See Divorce, 19 C. J. p. 274, § 619.

From an order of the district court for Hennepin county, Leary, J., denying his motion for reduction of the weekly payments of alimony and support for plaintiff and minor child, defendant appealed. Affirmed.

*Z. L. Begin,* for appellant.

*R. E. Plankerton,* for respondent.

LEES, C.

In July, 1922, the parties to this action were divorced and the custody of their minor child awarded to plaintiff. The decree required defendant to pay plaintiff $8 a week for her support and the support of the child.

[1]Reported in 204 N. W. 162.

On November 16, 1924, by order to show cause, defendant was brought into court on plaintiff's application for an order adjudging him to be in contempt for his failure to make the weekly payments. Defendant countered with an application for a modification of the decree reducing the amount of the payments. The court denied both applications, and defendant has appealed from the portion of the order which denied his application.

It appears that defendant served in the military forces of the United States in the war with Germany; that he became ill while in service and has since been and now is afflicted with pulmonary tuberculosis. His only source of income is the compensation he receives from the United States as a disabled veteran. His counsel has submitted an elaborate brief questioning the jurisdiction of a state court to subject to the payment of alimony the compensation defendant receives. We find it unnecessary to consider the points raised in this portion of the brief. The court below did not assume to charge defendant's compensation with the payment of alimony or to adjudge him in contempt for his failure to make the required weekly payments. At present defendant is not able to make them, but it is possible that his physical condition will improve and that in the future he can engage in some gainful occupation and add to his income. If, before he recovers his health, an attempt to compel obedience to the decree is renewed, it must be assumed that the application will be disposed of in the same manner.

Defendant expresses a desire to aid in the support of his child as soon as he is able. The decree aside, that is no more than his legal duty. He should not complain because the court refused to relieve him unconditionally from the performance of the duty. If he regains his health in some measure and is able to work and earn money and fails to aid the mother in supporting his child, the decree will be an effective means of compelling performance of a legal duty, if compulsion is necessary. It will be time enough to consider an application for a reduction in the amount to be paid when payment of some amount should be made.

Order affirmed.

Mr. Justice Holt took no part.